FILED

NOT FOR PUBLICATION

FEB 17 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, a corporation, | No. 14-55078 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02196-RGK-MAN |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a corporation; CENTURY SURETY COMPANY, a corporation, | MEMORANDUM* |
| Defendants-cross-defendants-cross-claimants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Federal Insurance Company appeals the district court's decision granting summary judgment to National Union Fire Insurance Company of Pittsburgh and Century Surety Company. We have jurisdiction under 28 U.S.C. § 1291.

Federal did not raise a genuine issue of material fact that the claims and allegations asserted in the Department of Justice's complaint against the Sterlings (*United States v. Donald Sterling, et al.*, No. 2:06-cv-04885-DSF (C.D. Cal. 2006)) (the Sterling complaint) gave rise to potential liability for a disparate impact or negligence claim. The Sterling complaint did not allege discrimination arising from a neutral practice. *See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Comtys. Project, Inc.*, 135 S. Ct. 2507, 2523 (2015). It did not allege negligent supervision, failure to establish appropriate standards, or failure to exercise sufficient control. Nor did facts extrinsic to the complaint that were known to National Union and Century at the time the suit was tendered to the insurers give rise to any such claim. *See Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 655 (2005).

Further, Federal did not raise a genuine issue of material fact that the Sterling complaint gave rise to potential liability for a vicarious liability claim. The Sterling complaint claimed discrimination arising from intentional actions taken by the Sterlings or at their direction, and did not include claims for vicarious

2

liability arising from the actions of a person who was not insured under the National Union policy. *See Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 318 (2010); *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Century's policy covered liability only if the injury was caused by an "occurrence," defined as "an accident," and so did not cover vicarious liability based on another person's intentional action. *Dyer v. Northbrook Prop. & Cas. Ins. Co.*, 210 Cal. App. 3d 1540, 1551 (1989).

Because the Sterling complaint did not give rise to any liability potentially covered by the National Union or Century policies, National Union and Century did not have a duty to defend the Sterling action. The district court therefore did not err in granting summary judgment to National Union and Century.

**AFFIRMED.**